UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAMON TUGGLE,<br><br>   Plaintiff,<br><br> v.<br><br>KAMARA, psych technician; et al.,<br><br>   Defendant.<br>             / | No. C 05-4142 MHP (pr)<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT** |

## INTRODUCTION

Steven Ramon Tuggle filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983. This case is now before the court for consideration of defendant's motion for summary judgment, plaintiff's motion for summary judgment and miscellaneous motions. For the reasons discussed below, defendant's motion for summary judgment will be granted and the other motions denied.

## BACKGROUND

Steven Ramon Tuggle alleged in his complaint that defendant Sannoh Kamara gave him medicine to which he was allergic and he thereafter had a bad allergic reaction to it.

The following facts are undisputed except as otherwise noted:

On December 13, 2003, Tuggle was an inmate at Pelican Bay State Prison and Sannoh Kamara was a psychiatric technician at the prison. At the time, Tegretol was prescribed and supposed to be dispensed to Tuggle as an anti-seizure medication.

Tuggle was allergic to the anti-seizure medication Dilantin, as well as to Motrin and penicillin. The drug allergy information was in his medical records.

The parties disputed whether Kamara gave Tuggle the wrong medication on December 13, 2003. Tuggle stated in his verified complaint that he was "given the wrong seizure medication." Complaint, p. 3. Kamara stated in his declaration that the medication he gave to Tuggle on December 13 "was [T]egretol. I did not give Tuggle Dilantin." Kamara Decl., ¶ 2.

Tuggle described the situation in his inmate appeal: Kamara "gave me three (3) Dilantin 100 mg capsules and I asked him, 'What's up with this new medication.' He responded, 'It's your seizure medication,['] so I took it. Then he said, 'let me see.' I told him I already took it. . . . [¶] I had an allergic reaction. I was waiting for Kamara to come back and check on me to see if I needed some medical attention. But Kamara never came back. . . . [¶] The following day on December 14, 2003 I had to report Kamara. I told Mrs. Beegle and she had me taken to the infirmary." Complaint, Exh. A, form CDC-602. When Tuggle returned from the infirmary that day, he was given Benadryl capsules as ordered by a doctor who had phoned in the order. Tuggle was admitted to the infirmary on December 17, 2003 for treatment of his allergic reaction. The medical records attached to the complaint had notations that Tuggle had an acute allergic reaction to medication.

## VENUE AND JURISDICTION

Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in Del Norte County, within the Northern District. This court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a fact is material if it might affect the

2

1 outcome of the suit under governing law, and a dispute about a material fact is genuine "if
2 the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")
3 The moving party bears the initial burden of identifying those portions of the record which
4 demonstrate the absence of a genuine issue of material fact.  The burden then shifts to the
5 nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the
6 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts
7 showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citations omitted.)
8 The court's function on a summary judgment motion is not to make credibility determinations
9 or weigh conflicting evidence with respect to a disputed material fact.  See T.W. Elec. Serv.
10 v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must be
11 viewed in the light most favorable to the nonmoving party, and the inferences to be drawn
12 from the facts must be viewed in a light most favorable to the nonmoving party.  See id. at
13 631.

14 On issues as to which the moving party bears the burden of proof at trial -- such as the
15 qualified immunity defense in this case -- he must come forward with evidence which would
16 entitle him to a directed verdict if the evidence went uncontroverted at trial.  See Houghton v.
17 Smith, 965 F.2d 1532, 1536 (9th Cir. 1992).  He must establish the absence of a genuine
18 issue of fact on each issue material to his affirmative defense. Id. at 1537.  Once the moving
19 party has come forward with this evidence, the burden shifts to the non-movant to set forth
20 specific facts showing the existence of a genuine issue of fact on the defense.

21 A verified complaint may be used as an opposing affidavit under Rule 56, as long as it
22 is based on personal knowledge and sets forth specific facts admissible in evidence.  See
23 Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's
24 verified complaint as opposing affidavit where, even though verification not in conformity
25 with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and
26 correct, and allegations were not based purely on his belief but on his personal knowledge).
27 Tuggle's complaint was signed under penalty of perjury and therefore may be considered in
28 deciding defendant's motion for summary judgment.  The court also has considered the

materials Tuggle filed in support of his own motion for summary judgment when evaluating defendant's motion.

## DISCUSSION

A.  <u>Kamara's Motion For Summary Judgment</u>

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-04 (1976).  To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials.  <u>See</u> <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 844 (1994).

Medical malpractice and negligence do not amount to an Eighth Amendment violation.  <u>See</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060-61 (9th Cir. 2004); <u>see, e.g.</u>, <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in constitutional claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); <u>McGuckin</u>, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pain is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

The parties appear to agree that Tuggle had a serious medical need to avoid medicine to which he was allergic.  The objective prong of the Eighth Amendment claim is satisfied.

Tuggle's claim falters on the subjective prong of the Eighth Amendment.  Defendant

4

Kamara is entitled to judgment as a matter of law on the Eighth Amendment claim because Tuggle has failed to raise a triable issue of fact that Kamara acted with the required mental state of deliberate indifference. Even viewing the evidence in the light most favorable to Tuggle and drawing inferences therefrom in his favor, he has not shown a triable issue of fact that Kamara knew of and disregarded a serious medical need he possessed. Accepting Tuggle's version of the facts as true – as the court must while evaluating Kamara's motion for summary judgment – Kamara gave him the wrong medication. That may well amount to negligence, but the mere fact of a medication error alone does not show or lead to a reasonable inference that the person who committed the error did so with deliberate indifference.

Tuggle presented evidence with his declaration showing that another technician made two medication errors with a different drug in 2002. (See Docket # 29.) The fact that another person made two errors in the preceding year does not prove anything with regard to Kamara's mental state on December 13, 2003. Tuggle also presented evidence that his claim of a medication error was sustained during a review of his inmate appeal and that the reviewing doctor stated that there was no medication error report documented and the technician had not had Tuggle seek assistance after the error was discovered. This evidence is not enough to prove or support a reasonable inference that Kamara's mistake was the product of deliberate indifference. (See Plaintiff's Motion For Summary Judgment (docket # 20, Exh. C.) Tuggle received medical care when he complained of allergic reaction symptoms the day after receiving the wrong medication. He also received further medical care when his symptoms worsened a few days later.

There is no proof on the requisite element of deliberate indifference. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Kamara is entitled to summary judgment his favor on the merits of Tuggle's Eighth Amendment claim.

5

B.  <u>Tuggle's Motion For Summary Judgment</u>

Tuggle filed a cross-motion for summary judgment. In order for him to prevail on his motion, he would have to show that he prevails as a matter of law on the undisputed facts or that he is entitled to judgment as a matter of law on defendant's version of the facts if the facts are disputed. Tuggle cannot prevail under either route because the facts are not undisputed and under Kamara's version of the disputed facts, he did not make a medication error. <u>See</u> Kamara Decl., ¶ 2 (denying that he gave Tuggle Dilantin instead of Tegretol). On Kamara's version of the facts, Tuggle's claim would fail on both prongs of the Eighth Amendment claim: there was no objectively serious medical need to avoid the correct medication and Kamara would not have acted with deliberate indifference in giving the correct medication. Tuggle's motion for summary judgment is denied.

The idea that there is a triable issue of fact to defeat Tuggle's motion but not to defeat Kamara's motion may seem confusing to a non-lawyer such as Tuggle, but it is the proper result due to the parties' burdens on summary judgment. When a defendant files a motion for summary judgment, the court views the evidence in the light most favorable to the plaintiff but the opposite occurs when the plaintiff files a motion for summary judgment. Additionally, to prevail on a plaintiff's motion for summary judgment, the plaintiff must show he wins on every element of his claim, while a defendant prevails on a defendant's motion for summary judgment if he knocks out just one element of the plaintiff's claim. That is just what happened here. The defendant needed to defeat only one of the two elements/prongs of the Eighth Amendment claim and did so by defeating the deliberate indifference prong. The parties' dispute of fact about whether a medication error actually occurred (i.e., the objective prong) did not matter for purposes of defendant's motion because there was an absence of proof of deliberate indifference (i.e, the subjective prong) on the Eighth Amendment claim.

C.   Miscellaney

Plaintiff filed an ex parte application to extend the deadline to August 21, 2006 for him to file a reply brief in support of his motion for summary judgment. The application is granted. (Docket # 26.) The court accepts as timely filed the declaration which he filed on July 10, 2006. He never filed a reply brief, even by his proposed extended deadline.

Plaintiff's motion to compel discovery is denied. (Docket # 19.) He did not meet and confer with defense counsel to attempt to resolve the discovery dispute before filing the motion as he was required to do.   See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. (Docket # 24.) Plaintiff's motion for summary judgment is DENIED. (Docket # 20.) Plaintiff's application for an extension of time to file his reply brief is GRANTED. (Docket #26.) Plaintiff's motion to compel is DENIED. (Docket # 27.) Judgment shall be entered in defendant's favor and against plaintiff.

IT IS SO ORDERED.

Dated: March _8__, 2007                                   _____
                                                          Marilyn Hall Patel
                                                          United States District Judge